UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY LYNN FLYING BYE, JR.,<br><br>Defendant. | 1:22-CR-10008-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Part A of Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on August 8, 2022, to 125 months imprisonment for conspiracy to distribute methamphetamine. That sentence was ordered to run consecutively to the 9 months imprisonment sentence imposed for a third revocation in a prior sexual abuse of a minor case, 1:14-cr-10010-JLV-1, on February 23, 2022. That sentence was also ordered to run consecutively to the 12 months imprisonment sentence imposed for a second revocation in a prior failure to register as a sex offender case, 5:17-cr-50043-JLV-1, on February 16, 2022.

Defendant's total offense level was 23 and, together with a criminal history category of V, his guideline range was 84-105 months. This Court found that the defendant's criminal history category substantially underrepresented the seriousness of the defendant's criminal history and the likelihood he would commit other crimes and imposed an upward departure pursuant to USSG 4A1.3 to criminal history category VI. This Court also found that Criminal History Category VI was inadequate and imposed an additional criminal history departure to offense level 25. The guideline range increased to 110 – 137 months. This Court ordered that, "regardless of the guideline calculations, the Court ordered an upward variance under 18 U.S.C. § 3553 to impose a sentence of 125 months custody."

Part A of Amendment 821 amended, retroactively the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while defendant was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points. Defendant's criminal history score was 8. He was assigned two status points, resulting in a criminal history score of 10. The addition of two status points increased his criminal history category from IV to V. The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that defendant is eligible for application of Amendment 821. Application of Amendment 821 Part A would reduce his status points from two to one, resulting in a total criminal history score of nine and a criminal history category of IV. The resulting guideline range would be 70 - 87 months prior to taking into account any upward departure or variance. The original criminal history upward departure from category V to category VI was, numerically, a one level increase in criminal history category. Defendant contends that this Court should likewise upwardly depart one level from category IV to category IV, and, as the Court did originally, upwardly depart to offense level 25, resulting in a guideline range of 100 – 125 months. Since the sentence imposed was in the middle of the prior range, defendant requests a reduced sentence from 125 to 115 months.

Notwithstanding whether defendant qualifies for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), any reduction in sentence must be "consistent with the applicable policy statements issued by the Sentencing Commission. The Sentencing Commission instructed in the Application Notes to § 1B1.10 that, in determining whether

2

a reduction is warranted and, if so, the extent of the reduction, the Court shall consider, *inter alia*:

> Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b) [the amended guideline range].

USSG § 1B1.10, Application Note 1(B)(i). The factors set forth in 18 U.S.C. § 3553(a) are:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)   the kinds of sentences available;
> (4)   the kinds of sentence and the sentencing range established [by the Sentencing Guidelines] . . .
> (5)   any pertinent policy statement . . .
> (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)   the need to provide restitution to any victims of the offense.

At the sentencing hearing I made the following findings:

> And so, again, as I stated, he is clearly a person who is constantly misbehaving and violating the law, and a criminal history category of VI is more appropriate. Even that probably underrepresents the actual criminal history of Mr. Flying Bye, as well as the likelihood that he will commit further crimes.

> In addition, regardless of the guidelines, the statutory factors under 18 United States Code Section 3553, which I am allowed to fully consider, tell me that his criminal history is inadequate and that the maximum sentence under criminal history category V is inadequate. 105 months is not a sufficient sentence under all of those factors set forth in 18 United States Code Section 3553 and even a criminal history category of VI is

inadequate, based on the terrible criminal history of Mr. Flying Bye. He is a danger to society and to other people.

* * *

It's clear to me, also, that being a drug distributor/drug seller of illegal substances is the source of his livelihood for many, many years.

I set forth in the statement of reasons for this case:

Based on the defendant's criminal history, including his tribal criminal history, as well as his behavior while on supervision and the numerous instances of drug sales in this case, the Court found that a Criminal History Category V was inadequate. Specifically, the Court found a Criminal History Category V substantially underrepresents the seriousness of the defendant's criminal history and the likelihood that the defendant will commit other crimes. The Court also found a Criminal History Category VI was also inadequate for the same reasons. Therefore, the Court imposed upward departures to a Criminal History Category VI and a Total Offense Level of 25. This resulted in a guideline range of 110 months to 137 months. The Court sentenced the defendant withing that guideline range to 125 months custody. Regardless of the guideline calculations, the Court ordered an upward variance under 18 U.S.C. § 3553 to impose a sentence of 125 months of custody.

I imposed a sentence of 125 months custody both pursuant to an upward departure as well as a variance, reciting that 125 months custody is the appropriate sentence notwithstanding the applicable guideline range. The United States Court of Appeals has instructed:

Although defendants may qualify for reductions in sentences, § 3582(c)(2) does not create a right to it. Instead, the district court has discretion to determine whether a reduction is warranted. A district court need not give lengthy explanations of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors.

United States v. Guyton, 2025 WL 3182038, at *2 (8th Cir. 2025) (internal quotations and citations omitted). "Where the judge eschewed the original advisory range to impose a sentence above the range based on the § 3553(a) factors, it is not surprising that the judge would conclude that the same or similar sentence is still the 'right' sentence under

4

§ 3553(a) despite a lower amended guideline range." <u>United States v. Shamburger</u>, 144 F.4th 1088, 1090 (8th Cir. 2025).

Whether or not the defendant's criminal history category is calculated at category IV or V, the appropriate criminal history category is category VI.  The lowest sentence which was and is just in this case is 125 months imprisonment. Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 50, is denied.

DATED this 5th day of August, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5